Chief Justice Bibb
delivered the Opinion of tho Court.
In an action at law on an injunction bond against the principal and surety, the latter attempted to defend himself by two special pleas, relying on an execution of fieri facias on the original judgment, the levy of it on the property of the principal, and an arrangement between the principal and the plaintiff, without the knowledge or assent of the surety, whereby the property of the principal was released from execution, and this ar *105 rangement is pleaded at law as a release. The pleas upon demurrer were adjudged insufficient.
Jurisdiction.
Release of the surety by an agreement Avith the principal, whereby the risk of the surety is increased without his consent, is ground of defence in equity, not at lavr.
The principal question in the cause is, whether the defence was of a character to be insisted on at law as a release; or belonged exclusively to a court of equity.
The release of a surety, by an agreement with the principal for enlarging the time, or by other act which increases the risk of the surety without his assent, we take to be, of equitable jurisdiction. It most properly belongs to the jurisdiction of a court of equity. It is an equitable release, not a release pleadable at law. The doctrine is, that equity considers the surety as but a guarantee for the performance by the principal. Whether it appear by the obligation or not, that one is principal and the oth-security, does not seem to us to be the point which gives or denies to the courts of common law, the cognizance of the defence. Whether both appear on the face of the bond as principals, or one as principal, and the other as security, the obligation on both is for the performance of an act or duty, if that for which the obligation binds them be not done, the bond is broken, and so the letter of the bond is equally forcible againt principal und security. The treatment which the principal has received at the hands of the obligee, by postponement of the time for performance, or by losing a lien on the property of the principal, or by otherwise increasing the risk and responsibility of the surety, without his concurrence, of which the surety com-Elains, and shows as an excuse and discharge for imself seems properly referrable to the head of equity. The bond must have been broken, otherwise no suit can be maintained at law against principal or security. That the principal remains hound still by his obligation, is admitted by the very nature of the subject of which avc are treating. A release at law which discharges one obligor (who was bound fully and completely) and yet leaves the other bound, an excuse for non-performance by one which shall yet be no excuse for the other obligor, is *106 an anomoly in the courts of common law, and seems to belong to the jurisdiction of a court of equity.
Plea by the surety, in an action on an injunction bond, that after the dissolution of the injunc tion, an execution on the judgment at Jaw had been levied on the estate, and the plaintiff had released the property, is not sufficient — because but a part of the action is answered, and the surety’s remedy in such case is in equity.
There are excuses for non-performance known to the courts of common law; but these are not excuses to avoid a broken covenant, condition or undertaking, but excuses which prove that the covenant, condition or undertaking has not been broken by the party who pleads such excuse. The obligation in such case, has not been violated by the party pleading the excuse, and the whole obligation, condition or covenant is saved, and the action against principal and security is alike defeated. But an excuse which saves the security, but leaves the principal bound by the obligation, would seem most aptly addressed to a court which acts upon the conscience of all the parties concerned; which can divide, separate, distribute and enforce their respective duties to each other. This case itself furnishes an illustration. The pleas relied on, state that after an injunction dissolved, an execution issued on the original judgment, that the execution was levied on the property of the principal, and by direction of the creditor, the sheriff did forbear, and the execution was returned to the office. The plea does not pretend that the damages given on the dissolution of the injunction, and the costs also .given in chancery were included. These were after the original judgment, and by the plea not included in the exer cution so delayed. Yet these costs and damages come within tire condition of the injunction bond, and are expressly stated and demanded in this action. The delay of execution cannot, in equity, have released the -surety from these, because, as to these he is not injured by that delay; they could not have been levied under that execution. This delay and hin-derance may have, in equity, released the surety for so much as was included in the execution, but could not release him totally from liis liability on the injunction bond. A court of equity may relieve the surety pro tanto, and leave him liable for the residue. Thus the propriety of referring this question to a court of equity, which can so frame its decree as to divide and distribute the sums due from principal alone, and from principal and pure- *107 iy, rather than to a court of law which must sustain the plea to the whole action; or not at all, is manifest. But it also proves that the pleas so pleaded to the whole action for principal, interest and cost at law, and for damages and costs awarded in chance-re, were bad; for if the pleas were true, yet the facts did not amount to a discharge of the security from the whole action, and being pleaded in bar of the action, were bad.
Cases in the Supreme court, of sureties pleading releases by the indulgences to the principal, not allowed.
Like plea in. New-York, allowed.
There are three cases which have come under our notice, where the release of the surety by the delay or negligence of the creditor in coercing the principal, were urged in suits at law. Two of these are in the Supreme Court of the United States; Kirkpatrick vs. the Unitd States, (9 Wheat 720,) United States vs. Vanzant (11 Wheat. 184,) and the people of New-York vs. Jansen, (7 John. 332.) In the two former the defence was overruled; but the question of the propriety of such defence in a court of common law was not considered with reference to the distinction between the jurisdiction of the courts of law, and the courts of equity; the defence set up in both of these cases was overruled in chief, and therefore such a question was not necessary to be considered. Besides in both of these cases the defence was against the United States on bonds of an officer, lor balance of accounts; and if the defences were available at all, the court might have admitted them at law, that there might not be a failure of justice; for it has not yet been decided by the Supreme Court of the United States, that a bill in equity will lie on behalf of an individual against the Government. The cases of .the United States against their debtors, might possibly allow an exception to the general rule of defences allowable at law, as between individuals.
In the case of The people vs. Jansen, the release of the surety by the default of the officers of the Government to proceed against the principal in due time, was adjudged, and adjudged to be pleadable at. law. That case upon one of the points, (the sufficiency of the defence) came under the consideration of the Supreme Court of the United States in *108 Kirkpatrick’s case, and of this court in Keel ts, Preston at this term. That case was also a plea to a suit by the Government bn a bond of office. That seems not to have been made the cause for admitting tlie plea.at law it is true. But if that cause cannot be sufficient for making such defence by a surety an exception to the general rule, and therefore admissible in a court of common law, we feel bound (witii the highest respect for that court) to say we cannot approve that resolution.
Defence of sureties, on the ground of the indulgences extended to the principal by the creditor, is exclusively of equitable cognizance.
Plea to the whole action which an-:- '■ swers but part, is ill.
pliTor cannot be assigned in the decision agaiust a plea where the defendant after wards withdrew his plea.
*108 We had occasion to look into very many cases upon this subject of equitable release of sureties, in the case of Norton and Williams against Roberts al, at the last term. (5 Monroe.) They were cases in equity, and this species of release of a surety, seems from the beginning down, to have been considered as a matter of equity, not as a subject belonging to a court of law. The reason upon which it is founded, as well as the nature and extent of the relief, being in favor of the surety, whilst the principal is not released nor discharged, concur in maintaining the jurisdiction of the courts of equity ovei this class of cases, and in favor of assigning them to the peculiar guardianship and watchfulness of the chancellor. It is a species of equitable discharge of the surety begun by courts of equity, most fit to be administered, according to the principles and discipline of that court, and not proper to be commingled with the jurisdiction of courts of common law, and the undisciplined thoughts of bystanders.
The oilier plea which was demurred to by the plaintiff below, is likewise insufficient; it is pleaded in bar of the whole action; it is payment of the original judgment only, but does not reach the decree in chancery for the damages and costs therein awarded. These are expressly stated and demanded by the assignment of breach, and come within the undertaking in the injuction bond.
But this plea was, after the decision upon demurrer, withdrawn; and therefore any decision upon it by the court below could not be of avail to the party who pleaded it.
Interest is not recoverable as a matter of law, in the action on the-injunction bond, upon the damages and costs decreed in chancery and recovered at law
Conclusion,
Judgment,
Mayes, for plaintiffs.
The defendant M’Haney was returned no inhabitant upon the alias pluries capias; there is no appearance entered for him; the pleas are by Gay only, yet the judgment is rendered against both; this is error, and well assigned.
The judgment was.rendered upon the demurrers in favor of plaintiff; the the defendant did not plead after withdrawing his first and fourth pleas, so that the action remained undefended. The court without any writ of inquiry, entered judgment for the penalty of the bond, to be discharged by ninety-five dollars seventy seven and a half cents, with interest thereon from the 25th April, 1825, at the rate of six per centum per annum till paid. This is the aggregate of principal, costs at law, damages and costs in chancery, as averred severally in the declaration; and this aggregate is made to bear interest as principal until paid, from the day before stated. To make the damages and costs bear interest as matter of law, was an error of the court, and this is well assigned.
It is the opinion of this court that the demurrers to the pleas of the defendant below, second and thirdly pleaded, were properly ruled by the court, as well because the matters of said pleas, if available at all, (a question not intended to be decided or prejudged), were cognizable in equity and not at law; as also because they pleaded in bar of the whole demands set forth in the assignment of breach of the condition of the bond, when equitably they could not in any manner release the defendant from the whole, but went to a jiart only. But that the court erred in entering judgment against M’Haney, who was not served with process, nor had he appeared or pleaded, and also in rendering a judgment for interest upon the sum and in the manner expressed in the judgment.
It is therefore considered by the court, that the judgment aforesaid be reversed and annulled, that the case be remanded for farther proceedings not inconsistent with this opinion: and it is further considered that the plaintiffs recover of the defendants in this court their costs in this behalf expended.